Morales, whenever you're ready. Thank you, Your Honor. Good morning. May it please the court. My name is Jody Morales and I'm counsel for petitioner appellant Victor Clemente. I am here to respectfully request that this court reverse the district court's decision and order the district court to reconsider whether Mr. Clemente is entitled to equitable tolling for two reasons. It's my understanding that this circuit has never parsed out claims. The lower court's reliance on Zucker and Kaposi and actually the cases relied on in Kaposi named five cases, two of which were decided prior to the Supreme Court's decision in Magwood. And what are you asking us to do here? Well, we're asking the court to find that the district court erred in dismissing two of the claims that Mr. Clemente raised as time. Correct. Correct. May I continue, Your Honor? Yes, please. Thank you. So that was my first request of this court. My second request of this court is to find that the district court's miscalculation of the anti its ability to evaluate whether appellate counsel's inaccurate advice caused the late filing. So to my first point, and I did mention this earlier, Zach B. Tucker and Kaposi v. United States are neither reflective. This is up to you, entirely up to you, although I could get your order for this. But if you'd like to remove your mask while you're talking, you are permitted. Oh, thank you, Your Honor. I didn't even realize I had it on still. Thank you. As I mentioned earlier, the cases relied upon by the district court, namely Zach B. Tucker and Kaposi v. United States, are neither reflective of the routine practices of district courts in this circuit, nor consistent with the Supreme Court's interpretation of 28 U.S.C. 2244. As this court's aware, it's well settled that state prisoners are entitled to one full and fair opportunity to wage a federal collateral attack of their convictions. Actually, in Bannister v. Davis, Justice Kagan explained that under the Anti-Terrorism and Effective Death Penalty Act, a state prisoner always gets one chance to bring a federal habeas challenge to his conviction, and expressed that the very point of 28 U.S.C. 2244 was to conserve judicial resources and to reduce piecemeal litigation. To require state prisoners, most of whom are indigent and acting pro se, to parse out constitutional challenges, separating untold claims versus told claims, and forcing them to pursue multiple collateral attacks to a single judgment, is not only inequitable for the prisoners- That's what Congress wanted. It's not us. It's Congress who passed the AEDPA statute, right? Yes, Your Honor. Is there any degrees of latitude here? I believe so, Your Honor. I think that the plain reading of the statute indicates that we should not be, or the court should not be engaging in piecemeal litigation. I don't believe that there's been any case law beyond that, particularly case law that is binding on this circuit, or followed by this circuit, to the contrary. Is there case law on other circuits not binding on us that agrees with your position? I'm sorry, I didn't hear the last thing. I'm sorry. Is there case law, of course, not binding on us, other circuits that take the position you're talking about? Yes, the Sixth and Third Circuits, as I mentioned earlier, in particular. There are other circuit courts that have decided in the same way, but as I- As Judge Donnelly has. Correct. But again, at least two of those circuits, those cases were decided prior to the Supreme Court's decision in Magwood v. Patterson, where the Supreme Court specifically rejected the argument that Section 2244 is a claim-focused statute, and held that the term application is specific to a state court judgment. So again, the court found that piecemeal litigation goes against the plain reading of Section 2244. That is our position. The government argues that that argument, among other things, that that argument was waived because you didn't raise it below. Do you have a response to that? Well, I believe that there were a number of arguments that were not raised below due to ineffective assistance of counsel. I am going to turn my attention to some of those items shortly, Your Honor. Again, let me just go back for a second. In deciding that claim-specific arguments, or, excuse me, decisions, are not in line with Section 2244, the Supreme Court made it very clear, particularly in a case where someone is acting pro se, that this would cause a huge burden on them in order to get their rights heard and their arguments heard properly. Now, with respect to the second argument, namely that the court miscalculated the AEDPA, it's our position that when calculating the period that was told in Mr. Clemente's case, his case was undergoing a collateral review in the state courts. The district court incorrectly excluded the 30 days he had to request leave to appeal from the denial of his 44010 motion. Moreover, there is nothing in the case to suggest that the prosecution ever served Mr. Clemente with notice of entry and a copy of the adverse ruling. And as this court is aware, that 30-day period for filing a CPL 460.15 application begins when the opposing party serves both a notice of entry and a copy of the adverse ruling. Secondly, my second argument, second point to the second argument, is that the district court erred again when calculating the period that was told during the pendency of the initial quorum nobis motion. The court's assumption that the statute of limitations began to run on May 4th of 2016, the day the appellate division denied the quorum nobis motion was wrong, because it's well settled that an application is considered pending from the time it is first filed until it's finally disposed of, particularly for appellate review. So if the judge had excluded those number of days, the whole application would be timely? Correct. Is that your argument? That is my argument, Your Honor. In other words, Mr. Clemente still had the opportunity to appeal the denial of the quorum nobis motion to the Court of Appeals, and so that time should not have counted against him. The court's reliance on the case of Jirachi versus Jankowski was misplaced. That case was decided years before the New York criminal procedure law was amended to provide for an appeal from the appellate division's denial of a writ of error quorum nobis. And one final and important point regarding the misinformation provided by appellate counsel. In refusing to grant equitable tolling in this case, the district court reasoned that even if Mr. Clemente, or excuse me, even if appellate counsel provided Mr. Clemente with the wrong deadline, Mr. Clemente would be unable to show that the letter provided by his counsel giving him the wrong date would have changed his deadline. The court reasoned that Mr. Clemente would have had to file his petition by May 17th of 2016, which is months before he actually received the letter from his attorney. I believe the attorney sent that letter to him on August 11th of 2016. However, for the reasons stated previously, it's our position that Mr. Clemente's actual deadline was September 23rd of 2016, which was after counsel sent him the letter containing the miscalculation of his filing deadline. The court could have only arrived at the May 17th, 2016 date by engaging in the same miscalculation that I stated previously, excluding all of the time. And so that inaccurate advice provided by counsel actually caused the late filing in this case. In sum, I'm just going to ask this court again respectfully to reverse the district court's decision and order the district court to reconsider whether Mr. Clemente is entitled to equitable tolling. Thank you. Thank you, counsel. Mr. Brannigan. Good morning, your honors. William Brannigan for the office of District Attorney Katz. May it please the court. First, your honor, this issue was waived below. Petitioner, in his response to the people's motion to dismiss, never raised this claim that the timing provisions should only apply to the application as a whole. And because the district court was deprived of the opportunity to review this particular issue, the court should not address it. I assume for the sake of my question that it wasn't waived below. Is there a second circuit precedent telling us how to count the claims or the application, which to count in deciding timeliness? No, your honor. There's no second circuit precedent on this particular issue. But the state would ask this court to follow all the other circuit courts that have addressed this issue and calculate the time periods on a claim by claim basis. But as counsel pointed out, two circuits have reached the opposite conclusion. Your honor, I don't believe any of the circuits have reached the opposite conclusion on the specific issue of the claim by- Claim versus application. Of the claim by claim application. But you would then say that we haven't decided, so we have to decide it by something other than a summary order, right? That is to say a summary order is not binding precedent. Your position is that we should make some kind of binding precedent when we decide this case. Correct, your honor. If the court doesn't decide this on waiver and the court reaches the issue itself, the claim by claim issue, the court should decide and follow the other circuits in deciding that the claim that the- Waiver would not require us to do. The court would have to wait until its next opportunity. That's correct, your honor. If it is found- Can I ask on waiver just briefly? I think your adversary's response would have to do with the representation that Mr. Clemente had below. And I just wanted to get your response to that.  That's usually something we consider, at least in Wayne waiver. Well, first, your honor, I think there's two separate things. One is directly below in the district court. I believe he was pro se. Second, the ineffective issues which relate to the related claims are separate. I can't tell you specifically that there was any reason not to, but he did file a meaningful response to the people's motion to dismiss, and he focused on the equitable tolling issue and raising the claim that his- If we adopt your position, none of the filings are timely? If you adopt our position, the district court's finding that the petitions related to that second issue. So here we had a judgment of conviction, and the claims related to the judgment of conviction and the direct appeal were found untimely, whereas the district court, Judge Donnelly, then later addressed the remaining petitions, which stem from the quorum nobis application and the resolution of that quorum nobis application. Those claims, which came later, were addressed by the district court and found timely by timing that issue from when those claims arose, as opposed to when the judgment of appeal was final for habeas purposes after the defendant's cert petition was denied by the Supreme Court. So is anything left of this lawsuit if we adopt your position? Well, currently the court has already denied the other claims on the merits. So yes, if this court were to find the claims that petitioners now are arguing should have been addressed, then there would be nothing left of the suit on that timing issue. Thank you. And if the court has no further questions, the people rely on the brief. Give up your last six seconds. I give up my last two seconds. Thank you, Your Honors. Thank you both. We'll take the case under advisement. Thank you.